UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YIN KUEN CHEUNG and MARINA CHEUNG YIU,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 13-01756 SBA<br><br>**ORDER STRIKING OVERSIZED BRIEF** |

This Court's Standing Orders specify that the maximum page limit for motions and oppositions thereto is <u>fifteen</u> pages.  Dkt. 7 at 2.  The Standing Orders further provide that:

> All parties shall meet and confer before filing any motion before the Court.  The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement.  <u>The Court may disregard any papers submitted that do not comply with this rule</u>.

<u>Id.</u> (emphasis added).

On June 6, 2013, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), filed a twenty-page motion to dismiss, without seeking or obtaining leave of court to file an oversized motion.  Dkt. 10.  In addition, the motion lacks the requisite certification that Wells Fargo met and conferred with Plaintiffs prior to filing its motion.  Given Wells

Fargo's violation of the Court's Standing Orders, the Court strikes Wells Fargo's improper motion from the record.  See <u>Swanson v. U.S. Forest Serv.</u>, 87 F.3d 339, 345 (9th Cir. 1996) (courts have discretion to strike oversized briefs).  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Well Fargo's motion to dismiss (Dkt. 10) shall be STRICKEN from the record.  Wells Fargo shall have until June 18, 2013 to refile its motion to dismiss in conformity with the Court's Standing Orders.

2. In light of Plaintiffs' filing of an amended complaint, Wells Fargo's first motion to dismiss (Dkt. 8) filed on May 9, 2013 is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  June 11, 2013

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge