IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YIN KUEN CHEUNG and MARINA CHUENG YIU, | No. C 13-01756 RS |
| Plaintiffs, | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

This matter arises from the foreclosure of the real property located at 1003 Cottage Lane in Hercules, California.  The First Amended Complaint ("FAC") asserts ten claims for relief. Defendant Wells Fargo moves to dismiss for lack of standing, failure to state a claim upon which relief can be granted, federal preemption, and under the applicable statutes of limitations. For the following reasons, defendant's motion to dismiss is granted in parted and denied in part, with leave to amend.

For the Northern District of California

## II.      BACKGROUND[1]

World Savings Bank financed a mortgage on Plaintiff Yin Kuen Cheung's ("Cheung") home at 1003 Cottage Lane. World Savings Bank then attempted to securitize that loan into a trust in order to receive tax benefits and pool the risk from that mortgage with other mortgages. World Savings Bank was subsequently acquired by Wachovia Bank, which was later acquired by defendant Wells Fargo Bank, N.A.

Plaintiff Marina Cheung Yiu ("Yiu") is Cheung's sister. While Cheung was the legal owner of the house until 2007, Yiu made the down payment and all of the monthly mortgage payments. In 2007, Chueng deeded title to the property to Yiu. In 2012, Wells Fargo and Cal-Western initiated a non-judicial foreclosure of plaintiffs' property under California Civil Code sections 2924 through 2924k. The property was foreclosed on March 22, 2012 and then sold to Home Reserves LLC.

Plaintiffs base this suit on the assertion that Wells Fargo never became the beneficiary of their mortgage with World Savings Bank and thus lacked authority to foreclose plaintiffs' property. Plaintiffs allege that World Savings Bank extinguished its interest in the loan through a failed attempt to sell and securitize it into a mortgage-backed security trust held by the Bank of New York as trustee. According to the plaintiffs, this sale and securitization did not close by the deadline in the securitization agreement and therefore the mortgage was never transferred to the trust. Plaintiffs argue the result of this failed sale and securitization is that the mortgage neither remained with World Savings Bank nor transferred to the Bank of New York, but instead became the property of an unknown beneficiary. Plaintiffs then conclude that because World Savings Bank lost its interest in the loan, Wells Fargo did not obtain the mortgage when it succeeded World Savings Bank. Similarly, plaintiffs assert Bank of New York, the trustee to whom World Savings Bank intended to transfer the mortgage, never acquired any interest in the loan and likewise had no interest to transfer to Wells Fargo.

Plaintiffs advance claims for: (1) wrongful foreclosure; (2) quasi contract; (3) violation of

---

[1] These facts are taken from the complaint and assumed to be true for the motion to dismiss.

12 U.S.C. § 2605; (4) violation of 15 U.S.C. § 1692; (5) cancellation of instruments; (6)

declaratory relief; (7) negligence; (8) violation of the Truth in Lending Act; (9) violation of

California's Unfair Competition Law ("UCL"), California Business and Professions Code §§

17200, *et seq*.; and (10) accounting.

### III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Pleadings must be so construed so as to do

justice." Fed. R. Civ. P. 8(e).  While "detailed factual allegations are not required," a complaint

must have sufficient factual allegations to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal,* 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570

(2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.*  This

determination is a context-specific task requiring the court "to draw in its judicial experience and

common sense." *Id*. at 1950.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of

Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may

be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts

alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).  When evaluating such a motion, the court must accept all material allegations in

the complaint as true, even if doubtful, and construe them in the light most favorable to the non-

moving party.  *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted

inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."

*Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at

555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory

statements," are not taken as true).

1    In dismissing a complaint, leave to amend must be granted unless it is clear that the

2    complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corporations*, 66

3    F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

4    ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).  Defendant Wells

5    Fargo moves to dismiss all ten claims contained in the First Amended Complaint.

6                              IV.      DISCUSSION

7        A.  Standing of Marina Cheung Yiu

8        As a threshold matter, defendant Wells Fargo moves to dismiss Yiu on the ground that

9    she has no contractual relationship with Wells Fargo and any payments she made to Wells Fargo

10   were voluntary payments on behalf of her sister, the borrower. Plaintiffs' four surviving

11   claims—wrongful foreclosure, quasi contract, cancellation of written instruments, and

12   accounting—are not predicated on the existence of a contract between the parties. Indeed, as

13   Wells Fargo's own papers argue, such a contractual relationship on the relevant subject matter

14   would bar a plaintiff from bringing some of these claims. Yiu does have standing to sue on the

15   claims that do not require a contract between the parties.

16       B.  Federal Claims

17              i.    Violation of 12 U.S.C. § 2605

18       Plaintiffs challenge the 2004 trustee sale from World Savings Bank to a third party under

19   12 U.S.C. § 2605, which regulates the servicing of mortgage loans. Plaintiffs claim this trustee

20   sale—the securitization—was "bungled" and did not pass title on to the Bank of New York.

21   Wells Fargo traces its right to foreclose on the property back to World Savings Bank through this

22   trustee sale. Wells Fargo moves to dismiss the third claim for relief on several grounds, including

23   the argument that the three-year limitations period set by the Real Estate Settlement Procedures

24   Act ("RESPA") has run. *See* 12. U.S.C. § 2614.

25       The trustee sale to which plaintiffs object occurred in 2004. Plaintiffs did not file this

26   claim until 2013. While the "discovery rule" might delay the running of the limitations period

27   through application of equitable tolling, plaintiffs fail to present any argument that such tolling

28

For the Northern District of California

applies here. *See e.g., Espinoza v. Recontrust Co., N.A.,* 2010 WL 1568551 (S.D. Cal. Apr. 19, 2010). This claim is dismissed with leave to amend so that plaintiffs may plead facts to support equitable tolling if they can do so in good faith.

### ii. Violation of 15 U.S.C. § 1692

Plaintiffs also seek relief under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, alleging defendant Wells Fargo engaged in deceptive practices to foreclose on plaintiffs' property. Wells Fargo moves to dismiss this claim for relief. Several courts have held foreclosure proceedings do not constitute an attempt to collect a debt under the FDCPA and plaintiff fails to provide any authority suggesting otherwise. *See e.g., Garcia v. Am. Home Mortgage Servicing Inc.,* 2011 WL 6141047 (N.D. Cal. Dec. 9, 2011). As no set of facts would allow plaintiffs to state a claim for relief under the FDCPA based on foreclosure proceedings, their claim is dismissed without leave to amend.

### iii. Violation of the Truth in Lending Act

Plaintiffs claim under the Truth in Lending Act asserts a fraudulent mortgage agreement between Cheung and Wells Fargo's predecessors, World Savings Bank. The Truth in Lending Act was enacted to ensure "a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). *See also King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir.1986); *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996).

TILA has a one-year statute of limitations 15 U.S.C. § 1635(e). As plaintiffs acknowledge, their claim was filed eight-years after the mortgage documents were executed. Plaintiffs argue their TILA claim is not time-barred because the statute of limitations should run from the time defendant Wells Fargo filed the assignment of the mortgage from World Savings Bank to Wells Fargo. This argument is unpersuasive. Plaintiff provides no authority suggesting the TILA limitations period resets when a mortgage is transferred. Nonetheless, even if Wells Fargo's assignment of the mortgage could somehow restart the statute of limitations, plaintiffs'

1   claim is still time-barred. Plaintiffs' complaint does not identify a specific date the assignment

2   occurred, but avers that any assignment could not have happened later than 2008. In any event,

3   plaintiffs did not file their complaint until 2012, more than four years later. Even if the statute of

4   limitations ran from the date of the assignment, their TILA claim would still be untimely.

5          Plaintiffs do not contend that the statute of limitations should be tolled nor do they plead

6   facts from which a basis for equitable tolling could be inferred. *See King v. State of Cal.,* 784

7   F.2d 910, 915 (9th Cir.1986). Plaintiffs' TILA claim is therefore dismissed as untimely, but with

8   leave to amend if they can, in good faith, plead facts to support tolling of the statute of

9   limitations.

10         C.   State Law Claims

11              i.   Wrongful Foreclosure

12         Plaintiffs allege Wells Fargo wrongfully foreclosed their property. Plaintiffs argue the

13  chain of title to the mortgage was broken when World Savings Bank unintentionally transferred

14  its interest in the loan to an unknown beneficiary. Defendant Wells Fargo brings this motion to

15  dismiss, arguing: (1) the plaintiffs may not challenge foreclosure on grounds the loan was

16  securitized; (2) plaintiffs have not alleged a willingness or ability to tender; and (3) plaintiffs'

17  claim is preempted by the Homeowners Loan Act of 1933 ("HOLA"). 12 U.S.C. § 1461.

18         Defendant's first argument—that the plaintiffs may not challenge foreclosure on the

19  grounds the loan was securitized—misconstrues the complaint. It argues that a failed *attempt* to

20  securitize the loan broke the chain of title Wells Fargo relied upon in foreclosure. Plaintiffs'

21  wrongful foreclosure theory is analogous to the plaintiff's theory in *Naranjo v. SBMC Mortgage*,

22  2012 WL 3030370 (S.D. Cal. July 24, 2012). As the court reasoned in denying defendant's

23  motion to dismiss in *Naranjo*, "this allegation gives rise to a plausible inference that the

24  subsequent assignment, substitution, and notice of default and election to sell may also be

25  improper." *Id*.

26         Defendant's next argument, that a failure to allege willingness or ability to tender is fatal

27  to the wrongful foreclosure claim, is unpersuasive. Wells Fargo's arguments ignore plaintiffs'

28

For the Northern District of California

1   allegations that Wells Fargo is not the creditor. The complaint alleges the documents used by

2   Wells Fargo to execute this non-judicial foreclosure were faulty because Wells Fargo never

3   possessed title to plaintiffs' home. As defendant's reply brief acknowledges, in *Fleming v.*

4   *Kagan*, the court held the tender rule does not apply in California where the plaintiff alleges the

5   documents were executed as a result of fraud and without plaintiffs' knowledge that the

6   instruments were void. 289 Cal. App. 2d 791 (1961). In the present case, the plaintiffs'

7   allegations are analogous to the allegations in *Fleming*. *Id*. at 796-97. Here, the FAC does not

8   plead fraud with requisite specificity under Rule 9(b), but it does include averments that the

9   documents are void. Under California law, tender is not required if the plaintiff is alleging

10  defendant's title is void. *Id*. While Wells Fargo appears to believe plaintiffs' allegation to be that

11  Wells Fargo's title is voidable, the plaintiffs appear in fact to be arguing Wells Fargo's

12  documents are void.

13          Defendant's final argument that HOLA preempts plaintiffs' wrongful foreclosure claim

14  also fails. Under HOLA, the Office of Thrift Supervision ("OTS") has issued regulations

15  expressly preempting any state laws that purport to regulate such matters as credit terms,

16  originating and processing loans, and disclosures that must be provided in the lending process.

17  *See* 12 C.F.R. § 560.2(b). Certain state laws, however, specifically including state contract,

18  property, and tort law, are not preempted, "to the extent that they only incidentally affect the

19  lending operations of Federal savings associations or are otherwise consistent with the purposes

20  of paragraph (a) of this section." 12 C.F.R. § 560.2(c). Defendants have not shown that HOLA

21  preemption applies here. First, while they argue that *any* claim under state law, including any

22  claims relating to the foreclosure *process,* are preempted, there is simply no basis to find that

23  HOLA precludes claims based on alleged failures to conduct non-judicial foreclosures in

24  conformance with the requirements of California law. A lender's ability to resort to non-judicial

25  foreclosure in this state arises from the fact that the California Legislature has enacted laws

26  permitting the use of deeds of trust containing the power of sale and setting out the procedure for

27  such foreclosures—it is not a lender's right in many states, and certainly does not derive from

28

HOLA. A lender cannot on the one hand rely on California law as the foundation for its right to conduct a non-judicial foreclosure, while on the other hand ignoring any restrictions or procedural requirements that are part of that process under California law.

Nor can a lender argue that complying with California procedures as to non-judicial foreclosures subjects it to a "regulatory patchwork" that HOLA preemption is intended to avoid. There is no federal or nationally-uniform standard for creating and enforcing security interests in real property. Were it not for the fact that California chose to permit non-judicial foreclosures in the first place, the lender would not have that power. Accordingly, while there is precedent for applying HOLA preemption more broadly in actions like these, to the extent the plaintiffs may be able in good faith to allege facts showing that the foreclosure proceedings violated provisions of California law, HOLA preemption would not serve as a basis for dismissal. *See Ortiz v. Wells Fargo Bank, N.A.,* 2011 WL 4952979 (N.D. Cal. May 27, 2011). Defendant's motion to dismiss plaintiffs' wrongful foreclosure claim is denied.

ii.     Quasi Contract

Under plaintiffs' quasi contract theory, Wells Fargo accepted loan payments  to which it was not entitled. Defendant moves to dismiss this claim by arguing: (1) quasi contract does not provide an independent claim for relief, but is merely a remedy and must instead accompany a substantive claim; and (2) an action under quasi contract may not be brought when the parties have an express contract.

Defendant's first argument—California does not provide a quasi contract claim for relief—misstates the law. California courts split on whether or not quasi contract is an independent claim for relief. *Compare Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 885 (N.D. Cal. 2010) (discussing quasi contract can be its own basis for relief)  *with Bernardi v. JPMorgan Chase Bank, N.A*., 2012 WL 2343679 (N.D. Cal. June 20, 2012) (holding unjust enrichment is not an independent claim for relief). Plaintiffs contend it would be unjust for defendant Wells Fargo to retain money procured through fraudulent or unenforceable documents. In such situations, a claim for quasi contract may stand on its own. *See Davenport,* 725 F. Supp.

For the Northern District of California

2d at 885. Where it would be unjust to allow the defendant to retain a benefit gained through unenforceable documents, quasi contract is a fitting claim for relief.

Defendant's second argument—there cannot be a claim based on quasi contract where there exists between the parties a valid express contract covering the same subject matter—correctly states the law, but ignores plaintiffs' argument that they have no contract with Wells Fargo. Wells Fargo is correct that securitization of the loan does not extinguish a beneficiary's interest in the loan, but plaintiffs' complaint asserts Wells Fargo never gained an interest in the loan because Wells Fargo's predecessor failed in their attempt to securitize the loan. Defendant's motion to dismiss plaintiffs' quasi contract claim is denied.

### iii.    Cancellation of Written Instruments

Plaintiffs next seek to quiet defendant's title to the mortgaged property through cancellation of the note and deed of trust under Cal. Civ. Code § 3412. Such a cancellation requires the written instrument be null, void, or voidable. Cal. Civ. Code § 3412. Wells Fargo moves to dismiss this action to quiet title by arguing: (1) a borrower may not obtain quiet title from a creditor until said borrower pays off their debt; and (2) plaintiffs may not bring this quiet title action without tendering the full amount owned. Both of defendant's arguments are unpersuasive.

Again, plaintiffs do not allege that Wells Fargo is a creditor. Plaintiffs' complaint alleges the documents used by Wells Fargo to execute this non-judicial foreclosure were faulty because Wells Fargo never possessed title to plaintiffs' home. As discussed above, California courts have held the tender rule does not apply when the plaintiff alleges the title documents are void. *Fleming*, 289 Cal. App. 2d 791 (1961). Defendant's motion to dismiss plaintiffs' Cal. Civ. Code § 3412 claim for relief is accordingly denied.

### iv.    Negligence

Plaintiffs allege Cal-Western, acting as agent for defendant Wells Fargo, negligently received loan payments to which defendant was not entitled. Wells Fargo moves to dismiss this claim for relief on two grounds: (1) it is properly construed as an unjust enrichment claim which

1   requires plaintiffs to plead an underlying substantive claim for relief; and (2) Wells Fargo does

2   not owe plaintiff a duty of care. It is not necessary to reach these arguments because the claim

3   fails for the threshold reason that the complaint fails to aver that Wells Fargo owes plaintiffs a

4   duty of care. "[L]oan servicers do not owe a duty to the borrowers of the loans they service."

5   *Shepherd v. Am. Home Mortgage Servs., Inc.,* CIV 209-1916 WBS GGH, 2009 WL 4505925

6   (E.D. Cal. Nov. 20, 2009). Therefore, plaintiffs cannot cure this deficiency. Plaintiffs' negligence

7   claim must be dismissed without leave to amend.

8                           v.      California Unfair Competition Law

9           Plaintiffs aver defendants violated the UCL, arguing Wells Fargo and its predecessors

10  engaged in fraudulent practices related to their loan arrangement. Defendant Wells Fargo moves

11  to dismiss this claim for multiple reasons, but only preemption need be addressed here.

12          The Ninth Circuit has held "Congress gave the Office of Thrift Supervision ("OTS")

13  broad authority to issue regulations governing thrifts." *Silvas v. E*Trade Mortgage Corp.*, 514

14  F.3d 1001, 1005 (9th Cir. 2008) (citing 12 U.S.C. § 1464). "OTS promulgated a preemption

15  regulation in 12 C.F.R. § 560.2…'[f]ederal regulations have no less preemptive effect than

16  federal statutes'" *Id.* (citing *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152

17  (1982)). The OTS's regulations preempt plaintiffs' UCL claim. 12 C.F.R. § 560.2. Plaintiffs'

18  UCL claim is dismissed without leave to amend as this defect cannot be cured.

19                          vi.     Accounting

20          Plaintiffs request an accounting to determine the amount of money defendant owes to the

21  plaintiffs should defendant be liable. Defendant Wells Fargo moves to dismiss this claim by

22  arguing lenders such as Wells Fargo do not owe borrowers a fiduciary duty. To be entitled to an

23  accounting, a plaintiff must demonstrate at least one of the following: a breach of fiduciary duty,

24  fraud, or that the accounts are complicated and there is a dispute as to whether the money is

25  owed. *Espinoza v. Recontrust Co., N.A.,* 2010 WL 1568551 (S.D. Cal. Apr. 19, 2010); *see also*

26  *Union Bank v. Super. Ct.,* 31 Cal. App. 4th 573, 593–94 (1995). Here, plaintiffs sufficiently

27  allege a dispute as to whether or not money is owed because they contend Wells Fargo has

28

1   received money from plaintiffs that it does not deserve. Defendant's motion to dismiss this claim

2   is denied.

3                       vii.    Declaratory Relief

4           Plaintiffs seek a declaratory judgment stating the defendants have no legal, equitable, or

5   pecuniary interest in the encumbrance on plaintiffs' property. Plaintiffs base this claim for relief

6   on the allegation that the failed attempt to securitize plaintiffs' property transferred the

7   encumbrance to an unknown third party. Declaratory relief is a remedy, not a substantive claim.

8   The motion to dismiss is granted without prejudice to later granting such relief.

9                       V.          CONCLUSION

10           For the foregoing reasons, defendants' motion to dismiss is granted with respect to all but

11   the wrongful foreclosure, quasi contract, cancellation of instruments, and accounting claims for

12   relief.  Any amended complaint must be filed within thirty (30) days of the date of this Order.

13   Failure to timely file an amended complaint will result in the dismissal of this case without

14   further notice.

15

16           IT IS SO ORDERED.

17   Dated:  9/25/13

18                                  RICHARD SEEBORG
                               UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28