1  KEITH D. YANDELL (BAR NO. 233146)
   ALLEN MATKINS LECK GAMBLE
2     MALLORY & NATSIS LLP
   Three Embarcadero Center, 12th Floor
3  San Francisco, California 94111-4074
   Phone:  (415) 837-1515
4  Fax:  (415) 837-1516
   E-Mail:  kyandell@allenmatkins.com
5
   JOSI KENNON SWONETZ (BAR NO. 260575)
6  501 West Broadway, 15th Floor
   San Diego, California 92101-3541
7  Phone:  (619) 233-1155
   Fax:  (619) 233-1158
8  E-Mail:  jswonetz@allenmatkins.com

9  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13              **SAN FRANCISCO  DIVISION**

| | |
|---|---|
| 14  YIN KUEN CHEUNG and<br>MARINA CHEUNG YIU, | Case No. 13-cv-01756-RS |
| 15 | **DEFENDANT WELLS FARGO** |
| Plaintiffs, | **BANK, N.A.'S NOTICE OF MOTION AND** |
| 16 | **MOTION TO DISMISS PLAINTIFFS'** |
| v. | **SECOND AMENDED COMPLAINT;** |
| 17 | **MEMORANDUM OF POINTS AND** |
| WELLS FARGO BANK, N.A.; | **AUTHORITIES** |
| 18  CAL-WESTERN RECONVEYANCE<br>CORPORATION; and | Date:          December 19, 2013 |
| 19  DOES 1 through 100, inclusive, | Time:          1:30 p.m. |
| 20 | Ctrm:          3 – 17th Floor<br>Judge:         Hon. Richard Seeborg |
| Defendants. | |
| 21 | Complaint Filed:       April 18, 2013 |
| 22 | Trial Date:              Not Set |

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on December 19, 2013, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will move to dismiss each claim for relief in Plaintiffs' Second Amended Complaint ("SAC").

Wells Fargo seeks an order dismissing the SAC, with prejudice.

The grounds for this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which are more fully explained in the Memorandum of Points and Authorities, is that Plaintiffs have failed to state facts sufficient to support a claim on which relief may be granted. Alternatively, Plaintiffs fail to plead their claims with the specificity that Federal Rule of Civil Procedure 8 and 9(b) require.  Finally, also in the alternative, Plaintiffs fail to join an indispensible party and, therefore, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(7).

The Motion to Dismiss is based on this Notice and Motion, the Memorandum of Points and Authorities attached herein, and Request for Judicial Notice filed concurrently herewith, and such other evidence and arguments as may be presented at the hearing on this matter.

Dated:  November 11, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By:  _/s/ Josi Kennon Swonetz_

JOSI KENNON SWONETZ
Attorneys for Defendant
WELLS FARGO BANK, N.A.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY
      NOTICEABLE FACTS .................................................................................... 2

III.  RELEVANT PROCEDURAL HISTORY ...................................................... 3

IV.   ANALYSIS .......................................................................................................... 4

      A.    Plaintiffs' First Claim For Wrongful Foreclosure Fails ......................... 4

            1.    Plaintiffs Lack Standing To Challenge The Validity Of The
                  Securitization Process Because They Are Not Parties To The
                  Supposed PSA ............................................................................... 4

            2.    Plaintiffs' Allegation That Wells Fargo "Failed" to Securitize
                  and Sell the Subject Loan Dooms Plaintiffs' Wrongful
                  Foreclosure Claim ........................................................................ 8

            3.    Plaintiffs Do Not Plead The Failed Securitization Prejudiced
                  Them ........................................................................................... 10

      B.    Plaintiffs' Second Claim For Quasi-Contract Fails ............................. 10

      C.    Plaintiffs' Third Claim For Violation Of 12 U.S.C. § 2605 Fails ........ 12

      D.    Plaintiffs' Fourth Claim For Cancellation Of Written Instruments
            Fails ....................................................................................................... 13

      E.    Plaintiffs' Fifth Claim For Negligence Fails ....................................... 14

      F.    Plaintiffs' Eighth Claim For Violation Of The Truth In Lending Act
            Fails ....................................................................................................... 14

      G.    Plaintiffs' Seventh Claim For Violation Of Business And
            Professions Code § 17200 Fails ........................................................... 15

      H.    Plaintiffs' Eighth Claim For Accounting Fails .................................... 15

V.    CONCLUSION ................................................................................................ 16

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

(i)

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance Mortg. v. Rothwell*,
   10 Cal.4th 1226 (1995)........................................................................................... 13

*Almutarreb v. Bank of New York Trust Company, N.A.*,
   2012 U.S. Dist. LEXIS 137202 (N.D. Cal. Sept. 24, 2012).................................. 7

*Bank of the West v. Valley Nat'l Bank*,
   41 F.3d 471 (9th Cir. 1993)...................................................................................... 9

*Berardi v. JPMorgan Chase Bank*,
   2012 WL 2343679 (N.D. Cal. June 20, 2012) ..................................................... 10

*Brea v. McGlashan*,
   3 Cal.App.2d 454 (1934)........................................................................................ 15

*Bulletti v. Astrue*,
   2012 U.S. Dist. LEXIS 134227 (N.D. Cal. Sep. 19, 2012) ................................. 13

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011)............................................................................... 11

*Copeland v. Lehman Bros. Bank, FSB*,
   2010 U.S. Dist. LEXIS 73032 (S.D. Cal. July 15, 2010)..................................... 12

*Cromwell v. Deutsche Bank Nat'l Trust Co.*,
   2012 U.S. Dist. LEXIS 8528 (N.D. Cal. Jan. 25, 2012) ...................................... 14

*Davenport v. Litton Loan Servicing, LP*,
   725 F.Supp.2d 862 (N.D. Cal. 2010) .................................................................... 10

*Derakhan v. Mortg. Elec. Registration Sys.*,
   2009 U.S. Dist. LEXIS 63176 (C.D. Cal. June 29, 2009).................................... 12

*Derusseau v. Bank of Am., N.A.*,
   2011 U.S. Dist. LEXIS 136508 (S.D. Cal. Nov. 29, 2011)................................. 16

*Edwards v. Wachovia Mortg.*,
   2011 U.S. LEXIS 114464 (S.D. Cal. Oct. 4, 2011) ............................................ 12

*Esoimeme v. Wells Fargo Bank*,
   2001 U.S. Dist. LEXIS 98492 (E.D. Cal. Sep. 1, 2011) ..................................... 13

*Florey Inst. of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers*,
   2013 U.S. Dist. LEXIS 138904 (N.D. Cal. Sept. 23, 2013)................................ 11

*Fontenot v. Wells Fargo Bank, N.A.*,
   198 Cal.App.4th 256 (2011)................................................................................... 10

*Giraldes v. Prebula*,
   2007 U.S. Dist. LEXIS 69812 (E.D. Cal. Sep. 11, 2007) ................................... 13

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

811317.03/SD

(ii)

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

**Page(s)**

*Gonzalez v. First Franklin Loan Servs.*,
    2010 U.S. Dist. LEXIS 1657 (E.D. Cal. Jan. 11, 2010) .................................................. 16

*Guzman v. America's Servicing Co.*,
    2013 U.S. Dist. LEXIS 74226 (N.D. Cal. May 24, 2013) ............................................. 8

*Hadley v. BNC Mortg., Inc.*,
    466 Fed. Appx. 612 (9th Cir. 2012) ......................................................................... 1, 10

*Hafiz v. Greenpoint Mortg. Funding*,
    652 F.Supp.2d 1039 (N.D. Cal. 2009) ........................................................................ 16

*Hosseini v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 113583 (N.D. Cal. Aug. 9, 2013).......................................... 1, 5, 6

*Kim v. Sumitimo Bank*,
    17 Cal.App.4th 974 (1993) .......................................................................................... 15

*King v. Cal.*,
    784 F.2d 910 (9th Cir. 1986) ....................................................................................... 15

*Knapp v. Doherty*,
    123 Cal.App.4th 76 (2004) .......................................................................................... 10

*Kritzer v. Lancaster*,
    96 Cal.App.2d 1 (1950) ............................................................................................... 15

*Kwan v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 103102 (S.D. Cal. July 13, 2013).......................................... 1, 7

*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.*,
    44 Cal.App.4th 194 (1996) .......................................................................................... 11

*Logvinov v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 141988 (N.D. Cal. Dec. 9, 2011) ........................................... 8

*Lyshowrn v. J.P. Morgan Chase Bank, N.A.*,
    2013 U.S. Dist. LEXIS 29099 (N.D. Cal. Mar. 4, 2013) ............................................ 5

*Maynard v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 130800 (S.D. Cal. Sept. 11, 2013) ........................................ 6

*Naranjo v. SBMC Mortgage*,
    2012 U.S. Dist. LEXIS 103735 (S.D. Cal. July 24, 2012) .......................................... 4, 9

*Rockridge Trust v. Wells Fargo, N.A.*,
    2013 U.S. Dist. LEXIS 139606 (N.D. Cal. Sept. 25, 2013) ........................................ 7

*Rosa v. Carnegie Mortg. LLC*,
    2012 U.S. Dist. LEXIS 71262 (C.D. Cal. May 21, 2012) ........................................... 11

*Rosas v. Carnegie Mortgage, LLC*
    2012 U.S. Dist. LEXIS 71262 (C.D. Cal. May 21, 2012) ........................................... 10

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

811317.03/SD

(iii)

Case No. 13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

**Page(s)**

*Sanchez v. WT Capital Lender Servs.*,
   2012 U.S. Dist. LEXIS 38505 (N.D. Cal. March 21, 2012) ............................................. 13

*Shkolnikov v. J.P. Morgan Chase Bank*,
   2012 U.S. Dist. LEXIS 177573 (N.D. Cal. Dec. 14, 2012) ............................................... 7

*Spencer v. DHI Mortg. Co., LTD.*,
   642 F.Supp.2d 1153 (E.D. Cal. 2009) ............................................................................. 15

*Steele v. First Magnus Fin. Corp.*,
   2013 U.S. Dist. LEXIS 111479 (N.D. Cal. Aug. 7, 2007) ................................................ 4

*Thomas v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 135954 (N.D. Cal. Sept. 23, 2013) .............................................. 7

*Thompson v. Proper T View, Inc.*,
   2012 U.S. Dist. LEXIS 116539 (C.D. Cal. Aug. 16, 2012) ............................................. 14

*Toneman v. United States Bank*,
   2013 U.S. Dist. LEXIS 84240 (C.D. Cal. June 14, 2013) ................................................. 7

*Ventimiglia v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 94262 (E.D. Cal. July 5, 2013) .................................................... 7

*Vogan v. Wells Fargo Bank N.A.*,
   2011 U.S. Dist. LEXIS 132944 (E.D. Cal. Nov. 16, 2011) ............................................... 9

*Wilkins v. United States*,
   2005 U.S. Dist. LEXIS 41268 (S.D. Cal. June 29, 2005) ............................................... 13

**Statutes**

12 U.S.C. § 2605(f)(1)(B) .................................................................................................. 12

12 U.S.C. § 2614 ................................................................................................................ 12

15 U.S.C. § 1635(f) ........................................................................................................... 15

15 U.S.C. § 1640(e) ........................................................................................................... 15

Federal Rule of Civil Procedure 12(b)(7) ........................................................................... 2

Federal Rule of Civil Procedure 19(a)(1)(B) .................................................................... 14

U.S. Constitution Article III, § 2 ....................................................................................... 13

**Other Authorities**

5 Witkin, Summary of California Law (10th ed. 2005) Torts, § 1631 .................................. 9

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

(iv)

Case No. 13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs Yin Kuen Cheung ("Cheung") and Marina Cheung Yiu ("Yiu") (together, "Plaintiffs") admit Cheung borrowed over $350,000 from World Savings Bank, FSB ("World Savings"); they admit World Savings merged into Wells Fargo Bank, N.A. ("Wells Fargo"); and they admit Cheung defaulted on her payment obligations.  Notwithstanding these admissions, Plaintiffs assert Wells Fargo lacked standing to foreclose on the subject loan because World Savings did not comply with a Pooling and Servicing Agreement ("PSA") to which Plaintiffs were not even a party.  Based on that supposed breach, Plaintiffs assert World Savings' failed attempt to securitize the loan separated the note from the deed of trust causing "a break in the chain of title."  Plaintiffs' allegations fail to state a viable claim against Wells Fargo for numerous reasons.

*First*, Plaintiffs lack standing to challenge the adequacy of the securitization in question because they were not parties to the PSA they contend Wells Fargo's securitization effort violated. *Hosseini v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 113583, *8 (N.D. Cal. Aug. 9, 2013) (granting motion to dismiss the same "failed securitization" claims that Plaintiffs attempt to advance here); *Kwan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 103102, *11-12 (S.D. Cal. July 13, 2013) ("The majority of the district Courts in the Ninth Circuit have held that 'plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.'").

*Second*, the allegation that World Savings <u>failed</u> in its attempt to securitize and sell the loan is fatal to each and every one of Plaintiffs' claims because, if the bank failed to securitize and sell the loan, World Savings necessarily remained the owner of the loan when it merged with Wells Fargo.  Thus, Plaintiffs' allegations only confirm that Wells Fargo had standing to foreclose.

*Third*, Plaintiffs do not plead that the failed securitization prejudiced them as the law requires.  *Hadley v. BNC Mortg., Inc.*, 466 Fed. Appx. 612 (9th Cir. 2012) ("The district court properly dismissed the Hadleys' claim to set aside the trustee's sale because the Hadleys failed to allege . . . that they were prejudiced by the alleged procedural defects.").  Plaintiffs cannot cure

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1   this defect by amendment because their admitted default, not any defect in the securitization

2   process, caused the foreclosure of which they complain.  By the same token, Plaintiffs' failure to

3   allege the ability to tender the loan proceeds precludes them from showing prejudice stemming

4   from the alleged defects in the securitization process because, even if the supposedly "unknown"

5   beneficiary was identified, Plaintiffs could not pay what they owe.

6        *Finally*, in the alternative, the SAC must be dismissed pursuant to Federal Rule of Civil

7   Procedure 12(b)(7) because it seeks to invalidate the trustee's sale, but fails to join the current

8   owner of the property, which is an indispensible party to this action.

9        Viewed from any angle, Plaintiffs do not and cannot state a claim for relief.  The Court

10  should dismiss the SAC *with prejudice*.

11  **II.     ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY NOTICEABLE**

12         **FACTS**

13       On or about November 8, 2003, Cheung borrowed $362,000 from World Savings,

14  evidenced by a Note and secured by a Deed of Trust ("Loan") to real property located at

15  1003 Cottage Lane, Hercules, California ("Property").  (SAC, Ex. A; Request for Judicial Notice

16  ("RJN"), Ex. A.)  Effective January 1, 2008, World Savings changed its name to Wachovia

17  Mortgage, FSB.  (RJN, Ex. B.)  On November 1, 2009, Wachovia Mortgage, FSB changed its

18  name to Wells Fargo Bank Southwest, N.A. and then merged into and became a division of

19  Wells Fargo.  (RJN, Ex. C, SAC ¶¶ 4, 53.)

20       On March 22, 2012, as a result of Cheung's failure to make her loan payment which

21  became due on November 15, 2011, and subsequent payments, LSI Title Company ("LSI"), as

22  agent for the beneficiary (Wells Fargo), recorded a Notice of Default on the Property.

23  (RJN, Ex. D)  On June 21, 2012, Wells Fargo substituted Cal-Western Reconveyance Corporation

24  ("Cal-Western") as Trustee under the Deed of Trust.  (RJN, Ex. E.)  On June 27, 2012, after

25  Cheung had lived in the Property rent and mortgage free for over 18 months, Cal-Western

26  recorded a Notice of Trustee's Sale.  (RJN, Ex. F.)  Cheung still failed to bring her loan current

27  and, therefore, on September 24, 2012, the Property was sold at the Trustee's Sale.  (RJN, Ex. G.)

28  This lawsuit followed.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-2-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

"The crux of Plaintiffs' case is that, as a result of egregious breaches of agreements governing the mortgage-backed securities (MBS) trust to which Plaintiff YIN KUEN CHEUNG's loan was sold in April 2004," none of the defendants named to this action is a beneficiary or real party in interest under the Deed of Trust having the power to enforce the accompanying note, collect Cheung's mortgage payments or to exercise the power of sale under the Deed of Trust. (SAC ¶ 1.)  Based on their claims, Plaintiffs demand over $5 million in damages.  (SAC, p. 44.)

### III.   RELEVANT PROCEDURAL HISTORY

On April 18, 2013, Plaintiffs filed their Complaint in this action.  In response to Wells Fargo's initial motion to dismiss, Plaintiffs filed an amended complaint on May 23, 2013.  Wells Fargo filed a second motion to dismiss arguing, among other things, that Plaintiffs may not challenge foreclosure on the ground the loan was securitized.  On September 25, 2013, the Court issued an Order Denying in Part and Granting in Part Wells Fargo's Motion to Dismiss [Dkt. No. 40] that: (a) dismissed Plaintiffs' Truth in Lending and Real Estate Settlement Procedures Act claims with leave to amend on the ground that they were time barred; (b) dismissing Plaintiffs' Fair Debt Collection Practices, Negligence, and Business & Professions Code § 17200 claims without leave to amend; and (c) denying Wells Fargo's Motion to Dismiss Plaintiffs' Wrongful Foreclosure, Quasi Contract, Cancellation of Written Instrument, and Accounting claims.  In denying certain portions of Wells Fargo's Motion to Dismiss, the Court noted:

> Defendant's first argument - that the plaintiffs may not challenge the foreclosure on the grounds the loan was securitized - misconstrues the complaint.  It argues that a failed *attempt* to securitize the loan broke the chain of title Wells Fargo relied upon in foreclosure.

(Dkt. No. 40, p. 6.)

On October 24, 2013, Plaintiffs filed the SAC.  With the benefit of the Court's guidance and a clearer Second Amended Complaint, Wells Fargo brings this Motion to Dismiss, which explains that Plaintiffs' claim that "a failed attempt to securitize the loan broke the chain of title Wells Fargo relied upon in foreclosure" fails as a matter of law because, *inter alia*, Plaintiffs lack standing to challenge the efficacy of the securitization process.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-3-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

# IV.    ANALYSIS

## A.    Plaintiffs' First Claim For Wrongful Foreclosure Fails.

The "crux" of Plaintiffs' claims is the allegation that Wells Fargo lacked standing to foreclose because its predecessor in interest, World Savings, breached the terms of the PSA and, therefore, failed in its attempt to securitize and sell the loan.  (SAC ¶¶ 1, 3.)  Based on that allegation, Plaintiffs assert Defendants recorded the Notice of Default, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale "all without having authority to do so, as the true unknown beneficiary did not authorize and/or execute said documents, nor did the true unknown beneficiary directed [sic] any of the Defendants to take any action on behalf of itself."  (SAC ¶ 79.)  As a result, Plaintiffs ask the Court to set aside the Trustee's Sale by issuing "an order compelling Defendants to remove any instrument which does or could be construed as constituting a cloud upon Plaintiffs' title including the purported Assignment of Deed of Trust."  (SAC at pp. 44-45.)  Plaintiffs fail to state a claim against Wells Fargo, for numerous reasons.

### 1.    <u>Plaintiffs Lack Standing To Challenge The Validity Of The Securitization Process Because They Are Not Parties To The Supposed PSA.</u>

Plaintiffs' Wrongful Foreclosure claim fails because they are not investors in the loan trust or parties to the pooling and servicing agreement and, therefore, lack standing to challenge the efficacy of the purported securitization.

Admittedly, there is a split of authority regarding whether a borrower may challenge foreclosure proceedings on the ground that the means by which the beneficiary of the loan acquired its interest in the deed of trust failed to comply with a pooling and servicing agreement.  *Compare, Naranjo v. SBMC Mortgage*, 2012 U.S. Dist. LEXIS 103735, *9-10 (S.D. Cal. July 24, 2012), with *Sami v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 38466, *5--6 (N.D. Cal. Mar. 21, 2012).  <u>***This Court***</u>, as well as the courts in this District, have adopted the majority position, which hold that "a plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."  *Steele v. First Magnus Fin. Corp.*, 2013 U.S. Dist. LEXIS 111479, *5 (N.D. Cal. Aug. 7, 2007) (where Judge Seeborg held that "a

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-4-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1   'plaintiff lacks standing to challenge the process by which his mortgage was (or was not)

2   securitized because he is not a party to the PSA. Technical arguments such as those in plaintiffs'

3   SAC have generally been rejected as a basis to invalidate the legal right to exercise the power of

4   sale in a non-judicial foreclosure."); *see also, Lyshowrn v. J.P. Morgan Chase Bank, N.A.*,

5   2013 U.S. Dist. LEXIS 29099, *12 (N.D. Cal. Mar. 4, 2013) (declining to follow the cases on

6   which Plaintiffs rely and adhering to the "majority rule" that borrowers lack standing to challenge

7   the process by which their loan was (or was not) securitized).

8         Magistrate Judge Ryu's recent opinion in *Hosseini v. Wells Fargo Bank, N.A.*, 2013 U.S.

9   Dist LEXIS 113583, *9-11 (N.D. Cal. Aug. 9, 2013) directly addresses, and rejects, the precise

10  claims that Plaintiffs attempt to advance here.  Thus, Wells Fargo sets forth the pertinent part of

11  that decision verbatim:

12              Plaintiffs' "failed securitization" theory forms the factual basis, in
                whole or in part, for many of Plaintiff's claims: wrongful
13              foreclosure, recording of inaccurate title documents, fraud,
                negligence per se, and violation of the UCL.  For this reason, the
14              court addresses this theory at the outset.  Plaintiffs allege that the
                2011 assignment of the loan to a securitized trust failed because the
15              trust ceased acquiring mortgage loans in 2007 and was dissolved
                before 2011, the year Defendant recorded the "Corporate
16              Assignment of Deed of Trust." As a result, the securitized trust
                never obtained the beneficial interest in the loan and thus US Bank
17              lacked authority to execute the substitution of trustee. (*See* Pls.'
                Opp'n 5, citing *Cal. Civ. Code § 2934a(a)(1)(A)* (requiring a
18              substitution of trustee to be executed and acknowledged by "all of
                the beneficiaries under the trust deed, or their successors in
19              interest").) Plaintiffs thus argue that the securitization of the loan
                was either flawed, or never took place.  As NBS was improperly
20              substituted as trustee, its recording of the Notice of Default and
                Notice of Trustee's Sale were improper. [3] Plaintiffs further allege
21              that due to the failed securitization, Defendant no longer holds the
                beneficial interest in the loan, is not the original or substituted
22              trustee, and is not the designated agent of the holder of the beneficial
                interest.

23              Claims based upon this theory must be dismissed because Plaintiffs
24              fail to allege how they have standing to challenge the validity of the
                securitization process. As recognized by numerous courts, Plaintiffs
25              lack standing to challenge the process by which their mortgage was
                securitized because they were not parties to any agreements that
26              governed the securitization of the note. *See Junger v. Bank of Am.,
                N.A.,* No. CV 11-10419 CAS (VBKx), 2012 U.S. Dist. LEXIS
27              23917, 2012 WL 603262, at *1, 3 (C.D. Cal. Feb. 24, 2012)
                (rejecting allegations that "defendants failed to adhere to the January
28              31, 2006 deadline for transferring the note as required by the pool
                servicing agreement ("PSA") that governed the securitization of the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-5-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

note" and holding that plaintiff lacked standing to challenge securitization of loan because he was not party to the PSA); *Almutarreb v. Bank of New York Trust Co., N.A.,* No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012) (holding that plaintiffs "lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA."); *see also Sami v. Wells Fargo Bank,* No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, 2012 WL 967051, at *5-6 (N.D. Cal. Mar. 21, 2012) (collecting additional cases).[4] Plaintiffs do not allege any other infirmities in the assignment process regarding their loan, nor do they allege "a specific factual basis that shows that the foreclosure was not initiated by the correct party." *Sargent v. JPMorgan Chase Bank, N.A.,* No. C 13-01690 WHA, 2013 U.S. Dist. LEXIS 104547, 2013 WL 3878167, at *3 (N.D. Cal. Jul. 25, 2013) (quoting *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1156, 121 Cal. Rptr. 3d 819 (2011) (quotation marks omitted)). They also do not allege that they are not in default on the loan. Accordingly, because Plaintiffs' securitization theory fail as a matter of law, claims premised on that theory must be dismissed. The court will address each claim, as well as Plaintiffs' dual tracking theory, below.

*Id.* (Cites to the record and footnote 3 omitted; emphasis added.) *See also, Maynard v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 130800, *32 (S.D. Cal. Sept. 11, 2013) (collecting cases that reject the argument that a borrower has standing to bring a "failed securitization" claim). In *Hosseini*, Judge Ryu also explains why the majority of courts have found the cases on which Plaintiffs rely unpersuasive:

In its opposition, Plaintiff cites *Naranjo v. SBMC Mortg.,* No. 11-cv-2229-L(WVG), 2012 U.S. Dist. LEXIS 103735, 2012 WL 3030370, at *3 (S.D. Cal. Jul. 24, 2012), where the court allowed claims based on a similar challenge to go forward. However, as stated by the court in *Almutarreb,* this opinion is not persuasive because it fails to explain how the plaintiff had standing to challenge the agreement that governed the alleged securitization of the loan. *See Almutarreb,* 2012 U.S. Dist. LEXIS 137202, 2012 WL 4371410, at *2 n.1; *see also Lyshorn v. J.P.Morgan Chase Bank, N.A.,* No. C 12-05490 JSW, 2013 U.S. Dist. LEXIS 29099, 2013 WL 792632, at *4 (N.D. Cal. Mar. 4, 2013*)* (same).

2013 U.S. Dist LEXIS 113583 at *11 n.4. In *Almutarreb v. Bank of New York Trust Company, N.A.*, Judge Chen offered a similar analysis in rejecting the cases on which Plaintiffs rely here:

The court does not find the minority cases that have held to the contrary persuasive, as they fail to explain how plaintiffs have standing to challenge the terms of the securitization agreements . . . Even if Plaintiffs were right that their loan was not timely

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-6-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

transferred to the trust, that does not mean the owner of the note and deed of trust could not therefore foreclose.  That would simply mean that the loan was not put in the trust (*i.e.*, the investment vehicle).  It does not necessarily affect the trustee's authority set forth in the deed and assignment documents to initiate foreclosure.

*Almutarreb v. Bank of New York Trust Company, N.A.*, 2012 U.S. Dist. LEXIS 137202, *6 n.1 (N.D. Cal. Sept. 24, 2012), *See also*, *Rockridge Trust v. Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606, *103-104 (N.D. Cal. Sept. 25, 2013) (citing *Vogan* as an example of the minority and then holding that "[t]his Court follows the majority approach."); *Kwan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 103102, *11-12 (S.D. Cal. July 13, 2013) (declining to follow *Vogan* because "[t]he majority of the district Courts in the Ninth Circuit have held that 'plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."); *Shkolnikov v. J.P. Morgan Chase Bank*, 2012 U.S. Dist. LEXIS 177573, *36 (N.D. Cal. Dec. 14, 2012) (declining to follow *Vogan* and, instead, honoring the majority rule); *Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 84240, *28 (C.D. Cal. June 14, 2013) ("A majority of district courts in this court, however, have concluded that a plaintiff has no standing to challenge the securitization process unless he is a party to the pooling and servicing agreement or a third party beneficiary of that agreement . . . This court finds the majority approach more persuasive.").  In sum, the vast majority of courts in the Ninth Circuit, including this one, have held that a plaintiff lacks standing to challenge foreclosure based on a failed securitization theory.

Plaintiffs counter that Wells Fargo could not foreclose in any event because World Savings, not Wells Fargo, made the loan and is listed as the beneficiary under the Deed of Trust.  (SAC ¶ 45.)  Many borrowers attempting to avoid their repayment obligations have attempted to advance this argument.  All have failed.  *See, e.g.*, *Thomas v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 135954, *10-11 (N.D. Cal. Sept. 23, 2013) (holding in a "failed securitization" case that, "based on the judicially noticeable documents, Wachovia merged with Wells Fargo. Wells Fargo is thus the successor-in-interest to Wachovia and there was no need for an assignment."); *Ventimiglia v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 94262, *8 (E.D. Cal. July 5, 2013) ("Wells Fargo is thus the successor-in-interest to Wachovia

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

811317.03/SD

-7-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

Mortgage, FSB, which was the successor-in-interest to [World Savings].  Wells Fargo, therefore, holds the right to foreclose upon the Subject Property under the Deed of Trust."); *Logvinov v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141988, *6-11 (N.D. Cal. Dec. 9, 2011) (rejecting wrongful foreclosure claim and holding that Wells Fargo had authority to foreclose on deed of trust that identified World Savings as the beneficiary).

In short, the more recent and more persuasive majority in this District holds that a plaintiff may not bring claims asserting that a lender lacked authority to foreclose because there was a failed attempt to securitize the loan.  Plaintiffs' Wrongful Foreclosure claim fails accordingly.

**2.**     <u>**Plaintiffs' Allegation That Wells Fargo "Failed" to Securitize and Sell the Subject Loan Dooms Plaintiffs' Wrongful Foreclosure Claim**</u>.

Plaintiffs allege that "WORLD SAVINGS failed to legally transfer the mortgage loan pursuant to the terms and REMIC provisions of the governing securitization agreement."  (SAC ¶ 93.  *See also*, ¶¶ 27, 118.)  Aside from the fact that Plaintiffs lack standing to make this argument, the underlying allegation is fatal to Plaintiffs' Wrongful Foreclosure claim because, if World Savings <u>failed</u> to transfer its beneficial interest in the loan to the trust, then the bank retained that beneficial interest as a matter of law.  Plaintiffs dispute this common sense conclusion in three ways.  None has merit.

First, Plaintiffs argue that "[s]uch failure caused the Plaintiffs' DOT to be separated from the Note, resulting to [sic] an irreversible broken chain of title because one could not go back in time (to the Trust's 'Closing Date' on April 7, 2004)."  On this point, Judge Davila's recent decision in *Guzman v. America's Servicing Co.*, 2013 U.S. Dist. LEXIS 74226 (N.D. Cal. May 24, 2013) is instructive.  It explained:

> Plaintiff's central argument is that NDEX West, LLC lacks standing to foreclose because the Deed of Trust has been separated from the Note.  This version of the 'produce the note' theory has been rejected by district courts as a basis to invalidate foreclosure proceedings."

*Id.* at *9.  As the *Guzman* court recognized, Plaintiffs' claim that Wells Fargo could not enforce the Deed of Trust because it was separated from the Note lacks any legal foundation.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-8-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

Second, Plaintiffs again rely upon *Naranjo v. SBMC Mortgage* and *Vogan v. Wells Fargo Bank N.A.* for the proposition that a failed securitization can potentially render a subsequent assignment, substitution, and notice of default improper.  (SAC ¶ 75.)  These decisions, however, are not on point because they arose out of allegations that the <u>assignee</u> of the loan lacked authority to foreclose because the <u>assignor</u> "botched" its attempt to sell the loan.  For example, in *Naranjo*, the loan was originated by SBMC Mortgage, but JPMorgan Chase was the entity that initiated the foreclosure process.  *Naranjo*, 2012 U.S. Dist. LEXIS 103735 at *3.  The plaintiff alleged that JP Morgan lacked authority to foreclose because SBMC failed to assign the loan into the trust that was sold to JP Morgan by the deadline set forth in the trust agreement.  *Id*. at *9.  The court found this specific allegation "vital" because it gave rise to an inference that JPMorgan never acquired the beneficial interest in the Deed of Trust.  Similarly, in *Vogan* the plaintiff asserted that Wells Fargo failed in its attempt to assign the subject loan to U.S. Bank, which was the entity that attempted to foreclose.  *Vogan v. Wells Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 132944, *20 (E.D. Cal. Nov. 16, 2011).

Here, Plaintiffs' allegations are the converse of those that the courts in *Naranjo* and *Vogan* found stated a claim for relief.  Unlike those cases, Plaintiffs assert that the loan's originator – Wells Fargo's predecessor - lacked standing to foreclose because it "failed" in its effort to transfer the Note and Deed of Trust.  Accepting Plaintiffs' allegations as true, however, World Savings retained the beneficial interest in the Note and Deed of Trust when it failed to transfer those instruments to a third party in a fashion that comported with the PSA.[1]  Thus, such interest was retained by Wells Fargo when the two entities merged.

Third, Plaintiffs assert that Wells Fargo was paid by the securitization process and/or insurance covering the loan in the event of default.  (SAC ¶ 53.)  The collateral source rule bars this argument.  *See, e.g., Bank of the West v. Valley Nat'l Bank*, 41 F.3d 471, 480 (9th Cir. 1993) (no offset where part of bank's loss was covered by insurance); 5 Witkin, Summary of California Law (10th ed. 2005) Torts, § 1631; *Rosas v. Carnegie Mortgage, LLC* 2012 U.S. Dist. LEXIS

---

[1]   To be clear no such securitization ever occurred, or was ever attempted.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-9-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

71262, *25 (C.D. Cal. May 21, 2012) (finding the theory that "lenders that receive funds through loan securitization or credit default swaps must waive their borrower's obligations fails as a matter of law.").

In short, Plaintiffs allege that World Savings tried to transfer its interest in the subject loan, but failed to do so.  Accepting those allegations as true, World Savings remained the beneficiary under the Deed of Trust and Wells Fargo became the beneficiary when the entities merged.  Thus, Plaintiffs' Wrongful Foreclosure claim fails as a matter of law.

### 3. <u>Plaintiffs Do Not Plead The Failed Securitization Prejudiced Them</u>.

To attack a non-judicial foreclosure sale, a plaintiff must plead an improper procedure and resulting prejudice.  *Hadley v. BNC Mortg., Inc.*, 466 Fed. Appx. 612 (9th Cir. 2012) ("The district court properly dismissed the Hadleys' claim to set aside the trustee's sale because the Hadleys failed to allege . . . that they were prejudiced by the alleged procedural defects."), citing *Knapp v. Doherty*, 123 Cal.App.4th 76, 86 n.4 (2004); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011) (plaintiff must show prejudice to set aside a trustee's sale).  Plaintiffs do not plead the requisite prejudice here.  For example, Plaintiffs do not dispute Cheung failed to make her mortgage payments, or that she was unable to make those payments during the relevant time period.  Nor do Plaintiffs allege Cheung would be able to bring her loan current or repay the indebtedness if the "unknown" beneficiary was identified.  The absence of such allegations precludes Plaintiffs from showing that the "failed securitization" prejudiced them.  Their Wrongful Foreclosure claim fails accordingly.

### B. Plaintiffs' Second Claim For Quasi-Contract Fails.

Plaintiffs' Quasi-Contract claim alleges that Wells Fargo obtained monthly payments from Plaintiffs by "willfully and fraudulently pretending that it had beneficial interest in Plaintiffs' mortgage and posed as the secured creditor thereof . . ."  (SAC ¶ 91.)  Plaintiffs' Quasi-Contract claim suffers from several defects, each fatal.

There is a split of authority regarding whether quasi-contract is an independent claim for relief.  *Compare, Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 885 (N.D. Cal. 2010) with *Berardi v. JPMorgan Chase Bank*, 2012 WL 2343679 (N.D. Cal. June 20, 2012).  The

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-10-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1  courts that recognize the claim define the elements as: (1) a defendant's receipt of a benefit and

2  (2) unjust retention of that benefit at the plaintiff's expense.  *Florey Inst. of Neuroscience &*

3  *Mental Health v. Kleiner Perkins Caufield & Byers*, 2013 U.S. Dist. LEXIS 138904, *21

4  (N.D. Cal. Sept. 23, 2013).  Plaintiffs do not and cannot plead the second of these elements.

5        As a threshold matter, Plaintiffs do not plead that Wells Fargo's retention of the benefit

6  was unjust because, as set forth above, Plaintiffs own allegations establish World Savings

7  remained the beneficiary of record following the supposed "failed securitization" and, therefore,

8  the law permitted Wells Fargo, as World Savings' successor, to collect payments.  Moreover,

9  Plaintiffs lack standing to challenge the bank's supposed failure to comply with the PSA and,

10  therefore, may not claim that Wells Fargo lacked the right to collect payments under the PSA.

11        Independently, Plaintiffs fail to plead that Wells Fargo's receipt of the monthly payments

12  was "unjust" because Plaintiffs concede that, at a minimum, the bank remained the servicer of the

13  subject loan and "[t]he servicer of the loan collects payments from the borrower, sends payments

14  to the lender, and handles administrative aspects of the loan."  (*See, e.g.*, SAC ¶¶ 20, 28, 93);

15  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011).)

16        Moreover, an action based on an implied-in-fact or quasi-contract cannot lie where there

17  exists between the parties a valid express contract covering the same subject matter.  *Lance*

18  *Camper Manufacturing Corp. v. Republic Indemnity Co.*, 44 Cal.App.4th 194, 203 (1996); *Rosa*

19  *v. Carnegie Mortg. LLC*, 2012 U.S. Dist. LEXIS 71262, *27 (C.D. Cal. May 21, 2012).  Here,

20  Plaintiffs assert that the PSA determined the loan's servicer and entity entitled to collect monthly

21  mortgage payments.  (SAC ¶ 28.)  The Deed of Trust, attached to the SAC likewise addresses the

22  subject matter of payments due on the Loan.  Both of these agreements preclude Plaintiffs from

23  bringing a quasi-contract claim on the grounds that Wells Fargo was not entitled to collect loan

24  payments.

25        Finally, Plaintiffs cannot show that Wells Fargo retained the loan payments at "plaintiffs'

26  expense."  To the contrary, Plaintiffs acknowledge Cheung was obligated to make monthly loan

27  payments.  Thus, there is no dispute Cheung was obligated to pay the money to someone.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-11-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1  Accordingly, Wells Fargo's retention of the "benefit" was "at the expense of" the "unknown"

2  beneficiary, not Plaintiffs.  Plaintiffs, therefore, lack standing to bring their Quasi-Contract claim.

3        **C.**      **Plaintiffs' Third Claim For Violation Of 12 U.S.C. § 2605 Fails.**

4        Through their third cause of action, Plaintiffs allege that Wells Fargo's purported conduct

5  violates 12 U.S.C. § 2605 ("RESPA").  While it is unclear which RESPA provision Plaintiffs rely

6  upon to support their claim, this claim nonetheless fails as a matter of law.

7        At its threshold, this claim fails because it is time-barred.  A cause of action for RESPA

8  must be brought within three years of the alleged violation.  *See* 12 U.S.C. § 2614.  Here,

9  Plaintiffs alleged that the purported violation (*i.e.*, the failed securitization of the Loan) occurred

10  in April 2004.  (SAC, p. 2, ll. 5-7.)  However, Plaintiffs did not commence this action until

11  May 23, 2013, approximately eight years later.  Plaintiffs attempt to plead equitable tolling, but

12  admit that they could have discovered their claims as early as 2006 – seven years before they filed

13  this action.  (SAC, ¶ 101 ("While Plaintiffs 'suspected' there was some clear wrongdoing resulting

14  in the foreclosure of 2004 – until the mortgage crisis began in 2006, those specific errors were still

15  unclear.").)

16        Moreover, Plaintiffs have not shown that they have suffered any damages as a result of

17  Wells Fargo's purported RESPA violations.  In order to recover actual damages under RESPA, a

18  plaintiff must allege a casual relationship between the alleged damages and RESPA violations.

19  *Edwards v. Wachovia Mortg.*, 2011 U.S. LEXIS 114464, *10 (S.D. Cal. Oct. 4, 2011);

20  *Derakhan v. Mortg. Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 63176, *11-12 (C.D. Cal.

21  June 29, 2009).  Conclusory allegations related to the loss of a plaintiff's home or the costs related

22  to filing a lawsuit do not constitute actual damages for the purposes of RESPA.  *Edwards*,

23  2011 U.S. Dist. LEXIS 114464 at *10.  Plaintiffs have not alleged that Wells Fargo's supposed

24  RESPA violations caused any kind of pecuniary loss (rather, the loss of the Property was caused

25  by Cheung's default).  Further, "[t]o recover statutory damages, a plaintiff must plead a pattern or

26  practice of noncompliance with RESPA."  *Copeland v. Lehman Bros. Bank, FSB*, 2010 U.S. Dist.

27  LEXIS 73032, *10 (S.D. Cal. July 15, 2010); *see also* 12 U.S.C. § 2605(f)(1)(B).  Here, the SAC

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-12-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1   is devoid of any facts which would plausibly show a pattern and practice of RESPA violations by

2   Wells Fargo.

3          **D.      Plaintiffs' Fourth Claim For Cancellation Of Written Instruments Fails.**

4          Plaintiffs' Cancellation of Written Instruments claim puzzlingly seeks to cancel the Deed

5   of Trust and Substitution of Trustee despite the fact that those documents no longer have any

6   effect in light of the completed Trustee's Sale. *Esoimeme v. Wells Fargo Bank*, 2001 U.S. Dist.

7   LEXIS 98492, *21 (E.D. Cal. Sep. 1, 2011) ("Because the non-judicial trustee's sale extinguished

8   the note and deed of trust, recession is therefore not possible."); *Alliance Mortg. v. Rothwell*,

9   10 Cal.4th 1226, 1235 (1995) ("A security interest cannot exist without an underlying obligation,

10  and therefore a mortgage or deed of trust is generally extinguished by either payment or sale of the

11  property in an amount which satisfies the lien."); *Sanchez v. WT Capital Lender Servs.*, 2012 U.S.

12  Dist. LEXIS 38505, *4 (N.D. Cal. March 21, 2012) (same).

13         Because Plaintiffs seek to cancel two instruments that have already been extinguished as a

14  matter of law, their claim should be dismissed as moot. *See* Const. Art. III, § 2; *Wilkins v. United*

15  *States*, 2005 U.S. Dist. LEXIS 41268, *45 (S.D. Cal. June 29, 2005) ("Federal courts are limited to

16  issuing decisions that resolve an actual 'case or controversy.'"); *Giraldes v. Prebula*, 2007 U.S.

17  Dist. LEXIS 69812, *6 (E.D. Cal. Sep. 11, 2007) ("Federal courts are empowered to resolve only

18  actual cases and controversies, i.e., 'live issues.'"); *Bulletti v. Astrue*, 2012 U.S. Dist. LEXIS

19  134227, *7, 20 (N.D. Cal. Sep. 19, 2012) ("Article III, Section 2 of the United States Constitution

20  limits federal jurisdiction to 'actual ongoing cases or controversies' . . . Thus, a case is 'moot' when

21  it presents no actual controversy or where the issues have been resolved and cease to exist.  When

22  a case becomes moot, it must be dismissed.")

23         Moreover, Plaintiffs' Cancellation of Written Instrument claim fails for the same reason as

24  Plaintiffs' Wrongful Foreclosure claim: (1) Plaintiffs allege that Wells Fargo failed in its attempt

25  to securitize the loan and, therefore, the bank remained the owner of the loan; (2) Plaintiffs lack

26  standing to bring their claims, which teeter on a purported breach of the PSA; (3) Plaintiffs do not

27  allege that the purported failed securitization prejudiced them.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-13-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1    To the extent Plaintiffs seek to use their Cancellation of Written Instruments claim to undo

2    the Trustee's Sale, they have failed to join the purchaser of the property, which is an "indispensible

3    party" for the purposes of Rule 12(b)(7).  *See* Fed. R. Civ. P. 19(a)(1)(B) (stating that joinder of a

4    party is required where "that person claims an interest relating to the subject of the action and is so

5    situated that disposing of the action in the person's absence may: [] as a practical matter impair or

6    impede the person's ability to protect the interest"); *Thompson v. Proper T View, Inc.*, 2012 U.S.

7    Dist. LEXIS 116539, *3-4 (C.D. Cal. Aug. 16, 2012) ("Plaintiff seeks an order setting aside the

8    trustee's sale of his foreclosed property and ordering that the trustee's deed upon sale be delivered

9    to Plaintiff.  The property was sold to Proper T.  Thus, Proper T is likely a necessary party to this

10   litigation.") (citations omitted).

11       **E.      Plaintiffs' Fifth Claim For Negligence Fails.**

12   This Court previously dismissed Plaintiffs' Negligence claim "without leave to amend."

13   (Dkt. No. 40, pp. 9-10.)  Thus, this claim should be summarily dismissed.

14       **F.      Plaintiffs' Eighth Claim For Violation Of The Truth In Lending Act Fails.**

15   Plaintiffs' Truth in Lending Act ("TILA") claim is nonsensical.  They allege that

16   Wells Fargo violated 15 U.S.C. § 1601, *et seq.*, but completely fails to explain <u>how</u> Wells Fargo

17   ran afoul of that statutory scheme. (SAC ¶¶ 121-23.)  Instead, Plaintiffs assert that Wells Fargo

18   violated FDCPA by recording the Notice of Trustee's Sale and related documents.  (SAC

19   ¶¶ 114-18.)  Whether Plaintiffs intend to pursue a TILA or FDCPA cause of action, their claim

20   fails as a matter of law because, as set forth above, the documents that Plaintiffs attack were

21   properly recorded.[2]

22   Further, this claim fails because the SAC is devoid of facts demonstrating that Wells Fargo

23   is a debt collector as described under FDCPA.  Moreover, Plaintiffs cannot state an FDCPA claim

24   based on Wells Fargo's conduct in foreclosing on the Property.  *Cromwell v. Deutsche Bank Nat'l

25   Trust Co.*, 2012 U.S. Dist. LEXIS 8528, *5 (N.D. Cal. Jan. 25, 2012).

26

27

28   [2]  Wells Fargo made this argument in its initial Motion to Dismiss, but Plaintiffs wholly failed to
clarify or explain this irrational claim for relief.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-14-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

To the extent that Plaintiffs allege that Wells Fargo violated TILA, this claim also fails. First, Plaintiffs do not allege that Wells Fargo failed to provide them any of the disclosures that TILA requires or otherwise failed to comply with that statute.  Second, this claim is time-barred. An action for damages under TILA is barred after one year, and a rescission claim must be brought within three years.  15 U.S.C. § 1640(e). These limitations periods start running from the time of the disclosure violation.  15 U.S.C. §§ 1635(f), 1640(e); *King v. Cal.*, 784 F.2d 910, 913 (9th Cir. 1986).  Plaintiffs allege in the conclusion that they have alleged facts supporting equitable tolling, but allege no such facts.  Nor can they.  They have had the loan documents in their possession since the 2004 closing and, therefore, cannot plead that they were unable to uncover any supposed TILA violation sooner.  The subject loan was originated in 2004, but this suit was not filed until 2013.  Thus, Plaintiffs' TILA claim is time barred.

**G.      Plaintiffs' Seventh Claim For Violation Of Business And Professions Code § 17200 Fails.**

This Court previously dismissed Plaintiffs' UCL claim "without leave to amend" on the ground that Plaintiffs' claim was preempted by the Home Owners' Loan Act of 1933.  (Dkt. No. 40, p. 10.)  Thus, the Court should summarily dismiss this claim.

**H.      Plaintiffs' Eighth Claim For Accounting Fails.**

Through their eighth claim for relief, Plaintiffs allege that "Wells has purported itself to be Plaintiff's creditor.  As a result of this purported relationship, Wells has a fiduciary duty to Plaintiff to properly account for payments made by Plaintiff."  (SAC ¶ 141.)  To state a cause of action for an accounting, a plaintiff must allege:  (1) a fiduciary relationship; (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting; and (3) misconduct.  *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6-7 (1950); *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934).  Plaintiffs' claim fails for several reasons.

At its threshold, this claim fails because "[a]bsent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender." *Spencer v. DHI Mortg. Co., LTD*., 642 F.Supp.2d 1153, 1160-61 (E.D. Cal. 2009); *Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979 (1993); *Gonzalez v. First Franklin Loan Servs.*,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

811317.03/SD

-15-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT

1   2010 U.S. Dist. LEXIS 1657, *36-37 (E.D. Cal. Jan. 11, 2010).  The SAC is devoid of any facts

2   suggesting that Wells Fargo acted as anything other than a typical lender.

3        Beyond this, "[a] request for a legal accounting must be tethered to relevant actionable

4   claims."  *Hafiz v. Greenpoint Mortg. Funding*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).

5   Because each of Plaintiffs' claims are subject to dismissal, they have "'not anchored [their] request

6   to any viable claims' and [their] accounting claim cannot survive."  *Derusseau v. Bank of*

7   *Am., N.A.*, 2011 U.S. Dist. LEXIS 136508,*24 (S.D. Cal. Nov. 29, 2011).

8        This claim should be dismissed as well.

9   **V.    CONCLUSION**

10       Plaintiffs' SAC fails to state any claim for relief against Wells Fargo, the motion to dismiss

11   should be granted, and the SAC should be dismissed *with prejudice*.

12   Dated:  November 11, 2013              ALLEN MATKINS LECK GAMBLE
                                            MALLORY & NATSIS LLP
13

14                                    By:  _/s/ Josi Kennon Swonetz_
                                          JOSI KENNON SWONETZ
15                                        Attorneys for Defendant
                                          WELLS FARGO BANK, N.A.
16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

811317.03/SD

-16-

Case No.  13-cv-01756-RS
MOTION TO DISMISS SECOND
AMENDED COMPLAINT