IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

YIN KUEN CHEUNG and MARINA CHEUNG YIU,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPRATION; and DOES 1 through 100, inclusive,

    Defendants.

No. 13-01756 RS

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs Yin Kuen Cheung and Marina Cheung Yiu assert various federal and state law claims against defendants Wells Fargo Bank, Cal-Western Reconveyance Corporation, and numerous Doe defendants. Wells Fargo moves to dismiss plaintiffs' second amended complaint in its entirety. Because plaintiffs' federal claims are time-barred, their third and sixth claims for relief are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, those claims are dismissed without prejudice. The matter is submitted without oral argument pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

Plaintiffs Marina Cheung Yiu and Yin Kuen Cheung owned a house in Hercules, California that was foreclosed in 2012. They sought relief in federal court, contending that defendant Wells

1  Fargo lacked authority to initiate foreclosure proceedings.  Plaintiffs alleged that defendants' actions
2  violated numerous federal and state laws.  Wells Fargo moved to dismiss plaintiffs' first amended
3  complaint in its entirety.  The motion was denied in part and granted in part with leave to amend.
4  (Docket No. 40).

5        Plaintiffs filed a second amended complaint (SAC) in October 2013.  The SAC asserts eight
6  claims for relief, two of which arise under federal law: the third claim (for violation of 12 U.S.C. §
7  2605) and the sixth claim (for violation of the Truth-in-Lending Act).  The remaining claims arise
8  under state law: the first (wrongful foreclosure), second (quasi contract), fourth (cancellation of
9  written instruments), fifth (negligence), seventh (violation of California's Unfair Competition Law),
10 and eighth (accounting) claims.

11       III.    LEGAL STANDARD

12       A complaint must contain "a short and plain statement of the claim showing that the pleader
13 is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Pleadings must be so construed so as to do justice."
14 Fed. R. Civ. P. 8(e).  While "detailed factual allegations are not required," a complaint must have
15 sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Ashcroft v.*
16 *Iqbal*, 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A
17 claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable
18 inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard asks for "more
19 than a sheer possibility that a defendant acted unlawfully."  *Id.*  This determination is a context-
20 specific task requiring the court "to draw in its judicial experience and common sense."  *Id.* at 1950.

21       A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure
22 tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v.*
23 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on
24 either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a
25 cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
26 When evaluating such a motion, the court must accept all material allegations in the complaint as
27 true, even if doubtful, and construe them in the light most favorable to the nonmoving party.
28 *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted inferences," however,

"are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

### A. RESPA Claim

Plaintiffs' third claim alleges that defendants violated the Real Estate Settlement Procedures Act ("RESPA"). In particular, plaintiffs claim that defendants violated 12 U.S.C. § 2605, which governs the servicing of mortgage loans. Claims under § 2605 must be brought within three years of the alleged violation. *See* 12 U.S.C. § 2614; *Patague v. Wells Fargo Bank, N.A.*, 2010 WL 4695480 (N.D. Cal. 2010). In its prior order on defendants' motion to dismiss the first amended complaint, the court dismissed plaintiffs' RESPA claim, reasoning it was barred by the statute of limitations. (Docket No. 40). The court granted leave to amend, allowing for the possibility that plaintiffs might, in good faith, plead facts to support tolling the limitations period.

Plaintiffs' second amended complaint does not remedy this defect. While the SAC devotes a section to equitable tolling, it fails to plead facts supporting a colorable basis for applying any exception to RESPA's three-year statute of limitations. The SAC contends that equitable tolling applies because until the case proceeds to discovery, "Plaintiff cannot ascertain exactly when Defendants [sic] acts against the Subject Property began and what exactly those acts consist of." (SAC ¶ 103). In essence, plaintiffs argue that unless and until they can conduct discovery, they will be unable to plead a more concrete basis for their equitable tolling argument. To the extent that plaintiffs attempt to invoke the "discovery rule," the pleadings misconstrue that doctrine. Under California law, accrual of a claim for relief may be delayed until the plaintiff discovers the facts constituting the claim. *Fox v. Ethicon Endo–Surgery, Inc.*, 110 P.3d 914 (Cal. 2005). A plaintiff cannot avail herself of this doctrine, however, unless she can "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* The rule therefore hinges on when and how plaintiffs discovered the nature and source of the alleged injury. It is not enough for the SAC generally to aver that plaintiffs

must avail themselves of the federal civil discovery process "to determine the time for equitable tolling." (SAC ¶ 104).

Furthermore, the discovery rule is inapplicable to RESPA claims. Although the court's prior order mentioned the possibility that delayed discovery might be a basis for tolling the statute of limitations, *see Cheung v. Wells Fargo*, 2013 WL 6017497 (N.D. Cal. 2013), further review of case law suggests the doctrine is not available here. The Ninth Circuit has held that the discovery rule does not apply to claims made pursuant to a statute that defines *when* the claim accrues rather than defining a limitations period from the date of accrual. *See Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008). The RESPA provision at issue here defines when the claim accrues, stating that an action for violation of 12 U.S.C. § 2605 may be brought within three years "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Accordingly, most courts addressing the issue have concluded that the discovery rule is inapplicable to RESPA claims. *See*, *e.g.*, *Spears v. First Am. eAppraiseIt,* 2013 WL 1748284 (N.D. Cal. 2013) (declining to apply the discovery rule to a REPSA claim, reasoning that Congress expressly sought to supersede any application of the rule); *Samp v. JPMorgan Chase Bank, N.A.*, 2013 WL 1912869 (C.D. Cal. 2013); *Davis v. Beazer Homes, U.S.A. Inc.*, 2009 WL 3855935 (M.D.N.C. 2009); *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1254 (D. Colo. 2008) (discovery rule inapplicable to RESPA "because Congress explicitly denoted that the statute begins to run 'from the date of the occurrence,' rather than 'when the action accrues,' as it has denoted in other statutory provisions.").

Plaintiffs allude to other equitable doctrines that, when properly pled, can serve to toll statutes of limitations. They fail to explain which of these doctrines might apply here, however. Nor do any authorities cited in the SAC address RESPA tolling. Further, although Wells Fargo's motion asserts that plaintiffs' federal claims are time-barred, plaintiffs' opposition makes no attempt to rebut these arguments.

The loan transaction at issue here took place in 2004. From that date, a timely claim under § 2605 should have been filed long before 2013. In the face of plaintiffs' utter failure to explain why their RESPA claim is not time-barred, the third claim is dismissed without leave to amend.

B.  TILA Claim

Plaintiffs' TILA claim, like their RESPA claim, was previously dismissed as time-barred. Plaintiffs were granted leave to amend, allowing them an opportunity to plead facts supporting a plausible basis for equitable tolling.

The SAC avers that defendants engaged in fraudulent concealment, but it fails to establish why that doctrine applies here. To toll the statute of limitations on the basis of fraudulent concealment, plaintiffs must plead the supporting facts with particularity. *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir. 2004); *see also Chan v. Chancelor*, 2011 WL 5914263 (S.D. Cal. 2011) (plaintiffs must plead with particularity "the circumstances of the concealment and the facts supporting their due diligence."). "Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff suing in time." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000).  It is not enough for the SAC to aver that defendants have filed fraudulent documents with the court and the Contra Costa County Recorder's office. Without more, such allegations fall short of establishing a basis for fraudulent concealment. *See Garcia v. Wachovia Mortgage Corp.*, 676 F.Supp. 2d 895, 906 (C.D. Cal. 2009) (TILA limitations period not tolled where plaintiffs failed to allege actions by defendant affirmatively preventing plaintiff from discovering a claim or other "extraordinary circumstances" establishing reasonable grounds for failure to discover alleged disclosure violations within the limitations period).

Plaintiffs again fail to plead facts supporting their contention that the TILA claim is not time-barred. Further, plaintiffs' opposition makes no effort to address Wells Fargo's limitations defense. Accordingly, the sixth claim is dismissed without leave to amend.

V.   CONCLUSION

Plaintiffs' RESPA and TILA claims are time-barred. Defendants' motion is therefore GRANTED with respect to plaintiffs' third and sixth claims for relief. Lacking jurisdiction over plaintiffs' federal claims, the Court declines to assert supplemental jurisdiction over the remaining state law claims. *See Grossman v. JP Morgan Chase*, 2012 WL 5520402 (N.D. Cal. 2012) (declining to exercise supplemental jurisdiction after dismissing RESPA and TILA claims). With

the exception of the UCL claim, which was already dismissed without leave to amend, plaintiffs' remaining claims are dismissed without prejudice.[1]

IT IS SO ORDERED.

Dated: 12/9/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] The seventh claim alleges defendants violated California's Unfair Competition Law. The court's prior order dismissed this claim without leave to amend. (Docket No. 40).